Adam B. Nach - 013622
Stuart B. Rodgers – 027520
**LANE & NACH, P.C.**
2001 E. Campbell Avenue, Suite 103
Phoenix, Arizona 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: stuart.rodgers@lane-nach.com

*Attorneys for Roger W. Brown, Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| HOLLY LYNN MICKELSON, | No. 2:20-bk-12093-MCW |
| Debtor. | **TRUSTEE'S MOTION TO SELL REAL PROPERTY ON AN AS-IS, WHERE-IS BASIS AND TO APPROVE SALE/BIDDING PROCEDURES** |
| | **11 U.S.C. § 363(B)** |
| | **Location: 3217 Yelm Hwy SE, Apt 14, Olympia, WA 98501** |

Roger W. Brown, Chapter 7 Trustee, by and through his counsel undersigned, herein files his *Motion to Sell Real Property on an As-Is, Where-Is Basis and to Approve Sale/Bidding Procedures* ("**Motion**") for entry of an order authorizing the Trustee to sell certain real property on an as-is, where-is basis. In support thereof, the Trustee respectfully states as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested is 11 U.S.C. §§ 363(b), and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## II.     BACKGROUND

4. This case was commenced by a Voluntary Petition filed by Holly Lynn Mickelson ("**Debtor**") under Chapter 7 of Title 11, United States Code, on November 3, 2020.

5. Roger W. Brown is the duly appointed and acting Trustee of the Chapter 7 Estate (hereinafter "**Trustee**").

6. Among the assets of this Estate is a reported 100% ownership interest in real property generally described as 3217 Yelm Hwy SE, Apt 14, Olympia, WA 98501 ("**Property**"). The legal description of the Property is attached to hereto as **Exhibit "A"**.

7. The Debtor scheduled the Property as having a value of $182,839.00 and as having a mortgage in favor Specialized Loan Servicing LLC (the "**Secured Creditor**" or "**SLS**").

8. The Secured Creditor's first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the official records of Thurston County Washington and that as of the Petition Date, the total amount due to the Secured creditor is $161,108.60 (the "**Secured Creditor Indebtedness**").

9. Debtor is not currently servicing the debt and default interest and fees continue to accrue.

10. Based on information available to the Trustee, the Trustee is concerned that there is insufficient equity in the Property to market the Property via a traditional sale and to satisfy Secured Creditor and pay commissions and closing costs and administrative expenses associated therewith.

11. Secured Creditor has offered to purchase the Estate's interest in the Property on an as-is, where-is basis for the sum of $7,500.00 and request that the conveyance is to occur via a Deed

in Lieu of Foreclosure ("**Offer**").

**III. LEGAL AUTHORITY**

12. This Court has jurisdiction over Debtor's Chapter 7 case under 28 U.S.C. § 1334. Proceedings with respect to the Motion are core proceedings that the Court may hear and decide. *See* 28 U.S.C. § 157(b)(1) and (b)(2)(A), (M), (N), and (O). Moreover, venue is appropriate pursuant to 28 U.S.C. § 1408(1).

13. Property of the Estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a). The concept of property of the estate is broad in scope, encompassing all kinds of property, including tangible and intangible property, causes of action, real and personal property, certain property held by the debtor in trust for others, and certain property of the debtor held by others. *See U.S. v. Whiting Pools*, 462 U.S. 198, n.9 (1983). Interests in real property, such as the Property in this case, is such property of the Estate that may be liquidated for the benefit of creditors.

14. 11 U.S.C. § 363(b)(1) provides that "[t]he [T]rustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …."

15. A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *E.g., In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986). Courts look to various factors to determine whether to approve a motion under section 363(b), such as: (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration is provided; (iii) whether the transaction has been proposed and negotiated in good faith; and (iv) whether adequate and reasonable notice is provided. *In re Condere*, 228 B.R. 615, 626 (S.D. Miss. 1998).

16. The Trustee believes in his best business judgment that the prospective sale will generate funds for the benefit of the creditors of this Estate and is in the best interest for all creditors and parties-in-interest. Given the default status of the secured claim, the estimated value of the Property and all other factors, the offer of $7,500.00 on an as-is, where-is basis and subject to all liens, claims and encumbrances, and subject to higher offer, is a reasonable offer in the business

3

judgment of the Trustee.

17. Pursuant to Local Rule 6004-1, the Trustee must file a motion and, after notice, obtain an Order approving a sale outside the ordinary course of business if the property being sold is expected to have a value greater than $2,500.00.

**IV.     SALE/BIDDING PROCEDURES**

18. Trustee believes that the most efficient and comprehensive way to sell the Estate's interest in the Property is through a telephonic auction.

19. The Trustee proposes to sell the Estate's interest in the Property to the person making the highest and best bid at public sale on **Tuesday, June 29, 2021, at 10:00 a.m. MST** (Arizona time) (the "**Sale**"). Persons that wish to place bids on the Property must call **(602) 247-8590** and enter **PIN 223#** at the foregoing time.

20. Interested bidders may request information regarding the Estate's interest in the Property from Stuart B. Rodgers at stuart.rodgers@lane-nach.com or by contacting him at 602-258-6000 ext. 319. The Trustee makes no warranties or representations regarding the accuracy of the information that is produced. **Interested bidders may not rely on the information in this Motion, the Notice of this Motion, or any other documentation provided to them by the Trustee in making an offer and/or bid and must perform their own due diligence to analyze the value of the Estate's interest in the Property.**

21. All bids at the Sale shall be subject to higher and better bids until close of the Sale.

22. The Sale is subject to the Trustee's approval.

23. Payment from the party making the highest and best bid at the Sale will be due the later of three (3) business days after completion of the Sale or three (3) business days after the entry of this Court's order approving this Motion.

24. **The sale of the Estate's interest in the Property shall be as-is, where-is, subject to any liens, claims, interests, and encumbrances, with no warranties, representations, or guarantees express or implied**.

4

25. Upon the latest of the Court approving the instant Motion, completion of the proposed Sale, or receipt of full payment of the purchase price, the Trustee shall execute any necessary assignments or bills of sale to transfer the Estate's interest in the Property to the prevailing bidder subject to the terms set forth herein and an Order entered by the Court approving the terms of the sale. If the successful bidder is the Secured Creditor, then the Property will be conveyed via a Deed in Lieu of Foreclosure prepared by the Secured Creditor. If the successful bidder is a third party, then the conveyance shall be made via Trustee's Deed.

26. Notice of the Sale of the Estate's interest in the Property will be provided to all known parties in interest, shall be put on the Lane & Nach, P.C. website and shall be disseminated to the UST Monthly sale listserve which has approximately 683 recipients who routinely purchase estate assets in similar circumstances.

27. If the Order approving this Motion has not yet been signed by the time of the Sale, the Sale will be held pursuant to the procedures set forth herein and bids will be taken with final approval of the winning bid subject to approval of this Motion.

28. The Trustee seeks authority to execute any documents necessary to carry out the provisions of this Motion.

29. Upon the later of the Court approving the Motion or completion of the proposed sale and receipt of full payment of the purchase price, the Trustee shall execute any necessary Title Transfer Documents transferring the Estate's interest in the Property to the prevailing bidder(s) subject to the terms set forth herein and the Order entered, or to be entered, by the Court approving the terms of the Sale. The Trustee will also file a Notice of Consummation and Report of Sale.

WHEREFORE, the Trustee prays for an Order of this Court as follows:

    A.    Granting Trustee's Motion to Sell the Estate's interest in the Property, as-is, where-is, subject to any liens, claims, interests, and encumbrances, with no warranties, representations, or guarantees express or implied, to the party submitting the highest and best offer;

    B.    Approving the bidding procedures as set forth herein;

C. Authorizing the Trustee to accept the proceeds from the sale of the Estate's interest in the Property;

D. Authorizing the Trustee to execute a Deed in Lieu or Trustee Deed and all additional documents and perform other such acts as may be necessary or reasonably requested to facilitate and complete the transaction; and

E. For such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 18th day of May, 2021.

**LANE & NACH, P.C.**

By: */s/ Stuart B. Rodgers*
Stuart B. Rodgers
Adam B. Nach

**A COPY** of the foregoing mailed/emailed to:

Colin Stuart Bell
Allegiant Law Group
777 East Thomas Road, Suite 150
Phoenix, AZ 85014
Email: colin@allegiantlawaz.com
Attorney for Debtor

Robert Shiller
Tasha Santora
BKGlobal
Email: rshiller@bkginc.com
Email: tsantora@bkginc.com

Specialized Loan Servicing LLC
P.O. Box 636005
Littleton, CO 80163

Specialized Loan Servicing LLC
P.O. Box 630147
Littleton, CO 80163

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Edward.K.Bernatavicius@usdoj.gov
Email: ustpregion14.px.ecf@usdoj.gov

By /s/ S Rochin

# EXHIBIT "A"

# LEGAL DESCRIPTION

UNIT #14, OF CHAMBERS CREEK VILLAGE, A CONDOMINIUM, ACCORDING TO DECLARATION THERE OF RECORDED UNDER THURSTON COUNTY RECORDING NO. 3840500 AND ANY AMENDMENT(S). THERETO; SAID UNITIS LOCATED ON SURVEY MAP AND PLANS RECORDED UNDER RECORDING NO#: 3840501 IN THURSTON COUNTY, WASHINGTON.

Parcel ID(s): 39610000014